DAVE COOK SPORTING GOODS CO. ET AL. *v.* UNITED STATES

**No. 7227.**— Invoices dated Redditch, England, October 9, 1941, etc.
Certified October 15, 1941, etc.
Entered at Denver, Colo., December 4, 1941, etc.
Entry No. 95, etc.

(Decided May 6, 1947)

*Strauss & Hedges* (*Joseph Schwartz* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.
Judgment will be rendered accordingly.

WM. TAYLOR SON & CO. *v.* UNITED STATES

**No. 7228.**—Invoices dated Shepshead, England, May 1943, etc.
Certified June 1943, etc.
Entered at Cleveland, Ohio, July 20, 1943, etc.
Entry No. 44, etc.

(Decided May 6, 1947)

*E. D. Howald* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.
Judgment will be rendered accordingly.